IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.   1:16-cr-00353-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   ALAN HUMBERTO HERNANDEZ-LOPEZ,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Pete Hautzinger, Assistant United States Attorney for the District of Colorado, and the defendant, Alan Humberto Hernandez-Lopez, personally and by counsel, Nancy Kardon, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

A. *Defendant's Obligations*

The defendant agrees to waive his right to indictment and to plead guilty to Count One of the Information, charging a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(c), possession with intent to distribute cocaine. The defendant further agrees to waive his appeal rights, as detailed below, and not to challenge the Sentencing Guidelines calculations, except as provided below.

B. *Government's Obligations*

1



In exchange for the defendant's plea of guilty and waiver of his appellate rights, the government agrees to the following: (1) to recommend the Court give the defendant full credit for acceptance of responsibility per USSG § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing; and (2) to move to dismiss the Indictment at the time of sentencing.

### C. Defendant's Waiver of Appeal

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 15; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive

change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

### Count One: §§ 21 U.S.C. 841(a)(1), 841(b)(1)(c),

*First:* the defendant knowingly and intentionally possessed;

*Second:* with the intent to distribute;

*Third:* cocaine, a Schedule II controlled substance.

Cocaine is a controlled substance within the meaning of the law.

10th Cir. Pattern J.I. § 2.85.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 is: not more than 20 years' imprisonment; not more than a $1,000,000 fine, or both; not less than 3 years' supervised release; and a $100.00 special assessment fee.

If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury. The defendant further understands and acknowledges that if he is not a United States citizen,

then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised that if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges that he has specifically discussed these removal/deportation consequences with his attorney.

## V. **STIPULATION OF FACTS**

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate and agree as follows:

On October 28, 2016, in Vail, Colorado, Alan Humberto Hernandez-Lopez sold 83 grams of cocaine to a law enforcement officer acting in an undercover capacity for $3,000. The undercover officer had negotiated the drug transaction with the defendant by means of a cellular telephone. The transaction took place in an automobile in a parking lot at the Middle Creek office building.  The undercover officer produced the $3,000 and a large baggie of cocaine was then handed it to the undercover officer.  The undercover officer then left the vehicle and the defendant was stopped moments later by an arrest team. Significant additional quantities of cocaine were then found in the vehicle, yielding a total amount which was at least 300 grams but less than 400 grams.

## VII.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

    A.    The base guideline is § 2D1.1(10), with a base offense level of **20**.[1]

    B.    There are no applicable specific offense characteristics.

    C.    There are no victim-related, role-in-offense, obstruction and/or multiple

---

[1] The parties stipulate that the total amount was between 300 and 400 grams.

count adjustments which apply.

D.  In the event that the defendant meets the criteria set forth in U.S.S.G. §5C1.2 ("Safety Valve"), and if the defendant complies with the requirements of U.S.S.G. §5C1.2, then the defendant would be eligible for a two-level decrease to the defendant's base offense level as required under U.S.S.G. §2D1.1(b)(17).  The parties stipulate that the defendant meets the criteria set forth in §5C1.2 (a) (2, 3, 4 & 5), leaving determination of the criminal history points to the Probation Department and the Court.

E.  The resulting offense level would be **18**.

F.  <u>Acceptance of Responsibility</u>:  The defendant should receive a **3**-level adjustment for acceptance of responsibility.  The resulting offense level therefore would be **15**.

G.  <u>Criminal History Category</u>:  The parties understand that the defendant=s criminal history computation is tentative.  The criminal history category is determined by the Court based on the defendant=s prior convictions.  Based on information currently available to the parties, it is estimated that the defendant=s criminal history category would be **I**.

H.  Assuming the criminal history facts known to the parties are correct, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

I.  <u>Imprisonment</u>:  The advisory guideline range resulting from these calculations is **18-24** months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from **18** months (bottom of Category I) to **51** months

(top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

J.     Fine:   Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be **$7,500 to $75,000**, plus applicable interest and penalties.

K.     Supervised Release:   Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not less than three years and up to a lifetime of supervised release.

The parties understand that although the Court will consider the parties= estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VIII.   ENTIRE AGREEMENT

This document states the parties= entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances

not expressly stated in this agreement.

Date: 4/20/17

_____
Alan Humberto Hernandez-Lopez
Defendant

Date: 4/20/17

_____
Nancy Kardon
Attorney for Defendant

Date: 4/20/17

_____
Pete Hautzinger
Assistant U.S. Attorney